UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MIKE CARRILLO, | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | CIVIL ACTION NO. 4:11-cv-3682 |
| | § | |
| TIFCO INDUSTRIES, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

### I.

Before the Court are the defendant's, Tifco Industries, Inc., motion for summary judgment (Dkt. No. 42) and the plaintiff's, Mike Carrillo, response to the defendant's motion (Dkt. No. 67).  Also before the Court, for consideration, are the plaintiff's Original Complaint and the several exhibits presented in support of the motion and response.  The Court, after a careful review of the documents, is of the opinion that the defendant's motion for summary judgment should be granted.

### II.

The factual background for this litigation, as presented by the defendant, shows that the plaintiff was first employed in February of 2009, as a Military Sales Trainer ("MST").  As a MST, the plaintiff trained the defendant's salespersons on military procedures and would also accompany them to military bases when they were making sales calls.  The plaintiff, therefore, traveled around the United States to several military bases in the states of North Carolina, Colorado, Texas, Tennessee and Kentucky.  And, from time to time, the plaintiff would travel to the defendant's headquarters in Texas.

When the plaintiff was first employed, he executed a Sales Agent Agreement. The Agreement contained restrictive covenants, including a non-compete covenant that barred like employment for one year following a separation from his employment. The Agreement also contained provisions that addressed forum-selection, choice of law and venue in the event that a suit were to arise out of the Agreement.

The defendant contends that in the Spring of 2010, the CEO of the defendant received reports that the plaintiff was "engaged in conduct detrimental to the defendant." These reports allegedly came from several employees including the plaintiff's direct supervisor, the National Sales Manager, and the Logistics Network Manager. The reports included claims that the plaintiff was not spending full days on assignments, disaffection between the plaintiff and one or more of the salespersons, and that the plaintiff was engaged in a side business selling pre-paid legal policies while "on the clock" for the defendant.

The defendant conducted an investigation over several months. In particular, an interview with one salesperson revealed that the plaintiff had emailed the salesperson at a time when the plaintiff was at a Pre-Paid Legal Services Conference in Oklahoma. The plaintiff's weekly report for that period reflected that he was at Fort Campbell, Kentucky and did not reflect a trip to Oklahoma. Shortly thereafter, on June 1, 2010, the plaintiff's employment was terminated.

### III.

The plaintiff does not dispute the allegations that the defendant makes concerning the sequence of events. Instead, the plaintiff makes a counter-argument regarding the "true" basis for his termination. According to the plaintiff, in February of 2010, he discovered that the CEO was paying an individual, a government contractor, to provide information to the defendant that gave the defendant an unfair advantage in procuring federal contract awards. The plaintiff claims

that later he met with a member of the Criminal Investigation Division ("CID") of the federal

government to discuss his knowledge.  In June, he was terminated.  He admits, however, that the

identified government contractor was employed by the defendant shortly after he was terminated.

The plaintiff seeks to litigate his dispute against the defendant under the Tennessee

Public Protection Act ("TPPA") and Tennessee common law, contending that he was terminated

because he refused to participate in the defendant's illegal activities.  Apparently, the plaintiff

seeks an advantage under Tennessee law that is not available to him under Texas law.  Therefore,

the plaintiff contends, the defendant violated the TPPA and Tennessee common law.  As well, he

argues that the defendant's act of terminating him was in retaliation for his refusal to participate

and/or remain silent concerning the defendant's illegal activities.  He, therefore, seeks to void his

non-compete agreement and recover damages and attorney's fees in his own behalf.

### IV.

Summary judgment is appropriate if no genuine issue of material fact exists and the

moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.  A fact is "material"

if its resolution in favor of one party might affect the outcome of the suit under governing law.

*Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).  "Factual disputes that are irrelevant

or unnecessary will not be counted."  *Id.* at 248.  An issue is "genuine" if the evidence is

sufficient for a reasonable jury to return a verdict for the nonmoving party.  *Id.*   If the evidence

rebutting the motion for summary judgment is only colorable or not significantly probative,

summary judgment should be granted.  *Id.* at 249-50; *see also Shields v. Twiss*, 389 F.3d 142,

149 - 50 (5th Cir. 2004).

Under Rule 56(c) of the Federal Rules of Civil Procedure, the moving party bears the

initial burden of "informing the district court of the basis for its motion and identifying those

portions of [the record] which it believes demonstrate the absence of a genuine issue for trial." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 - 87 (1986); *Adams v. Travelers Indem. Co. of Connecticut,* 465 F.3d 156, 163 (5th Cir. 2006).  Where the moving party has met its Rule 56(c) burden, the nonmovant must come forward with "specific facts showing that there is a *genuine issue for trial." Matsushita*, 475 U.S. at 586-87 (quoting Fed. R. Civ. P. 56(e)) (emphasis in original); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); and *Adams*, 465 F.3d at 164.  To sustain the burden, the nonmoving party must produce evidence admissible at trial showing that reasonable minds could differ regarding a genuine issue of material fact. *Anderson*, 477 U.S. at 250 - 51; 255; *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998).  In deciding a summary judgment motion, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

## V.

The parties argue to the Court that resolution of the issue of whether Texas or Tennessee law applies is a threshold question.  The record shows that the venue issue was resolved by the federal court in Tennessee prior to transferring the case to Texas.  Hence, the parties do not dispute venue or the Court's jurisdictional authority to resolve their dispute.  That being said, the Court is of the opinion that it need not determine which state's law applies because, under either, the plaintiff's suit fails.

Under both Texas and Tennessee law, the plaintiff would be labeled as an employee-at-will.  Under the employment-at-will doctrine, an employee may be terminated by his employer at any time and for either valid or invalid reasons.  *See Sabine Pilot Serv., Inc. v. Hauck*, 687 S.W.2d 733, 735 (Tex. 1985); *see also Franklin v. Swift Transp. Co., Inc.,* 210 S.W.3d 521, 527

(Tenn. Ct. App. 2006).   An exception to the general rule, of course, is a termination that is grounded in illegal conduct, such as one that violates a whistleblower statute. *See Sabine Pilot Serv., Inc.,* 687 S.W.2d at 735 (Tex. 1985); *see also Swift Transp. Co., Inc.*, 210 S.W.3d at 530.

The plaintiff asserts that he was terminated for his whistleblowing status; he reported an "illegal" act to CID that he contends the defendant was engaged in.   Because Texas law "covers only the discharge of an employee for the sole reason that the employee refused to perform an illegal act," the plaintiff's suit fails under Texas law. *See Sabine Pilot Serv., Inc.,* 687 S.W.2d at 735.   It is undisputed that neither the plaintiff's complaint nor the underlying facts points to an illegal act that the plaintiff was directed to perform.   In fact, the plaintiff admits as much in his deposition testimony. (*See* Carrillo Deposition at 222:15-22).   Therefore, summary judgment is appropriate under Texas law.

Likewise, summary judgment is appropriate under Tennessee law.   The exception to the at-will-doctrine of employment, whether statutory or common law, rests in a claim for retaliatory discharge. *See Swift Transp. Co., Inc.*, 210 S.W.3d at 530.   In order for a plaintiff to establish a claim of retaliatory discharge, he must show that he was an employee of the defendant, he refused to participate in or remain silent concerning employer illegal activity, he was discharged from his employment, and his termination was based "solely" on his refusal to participate in or remain silent about illegal activity. *See Voss v. Shelter Mut. Ins. Co.*, 958 S.W.2d 342, 344 (Tenn. Ct. App. 1997).

The testimonial and documentary evidence show that the plaintiff's knowledge about the "alleged" illegal activity was acquired second-hand and from a fellow employee who refused to address the matter to the defendant or confirm it when questioned by CID.   It is also true that the plaintiff did not confront the defendant concerning his suspicions.   Nor was the plaintiff directed

to engage in any illegal activity during his employment.  Finally, the plaintiff has no evidence that the defendant was aware of his "claimed" knowledge at or during the time that the defendant was investigating the plaintiff's activities outside his employment.  In fact, the plaintiff does not deny or even refute the fact that he falsified his travel or weekly report concealing the fact that he was in Oklahoma when he was scheduled to be in Kentucky.  Finally, there is no evidence that, but for the plaintiff's claim of retaliatory discharge, the defendant did not have a good and legitimate basis to terminate his employment.

The Court is of the opinion that even if the defendant were aware of the plaintiff's report to CID, the legitimacy of its investigation into the plaintiff's extra-employment activities defeats the "sole" basis for his termination.  The plaintiff was never required to participate in or remain silent about the "alleged" illegal activity that he reported to CID.  Therefore, he could not have been terminated "solely" for any such refusal.  *See Hunter v. Sec'y of United States Army*¸ 565 F.3d 986, 996 (6th Cir. 2009).  Summary judgment is appropriate under Tennessee law because it is undisputed that the plaintiff cannot establish a prima facie case of wrongful discharge.

## VI.

Based on the aforementioned analysis and discussion, the Court determines and concludes that the defendant's motion for summary judgment should be, and, is hereby Granted.

SIGNED at Houston, Texas this 1st day of November, 2012.

_____

Kenneth M. Hoyt
United States District Judge